IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent. | § | |
| | § | CRIM. ACTION NO. H-10-302-08 |
| VS. | § | CIVIL ACTION H-13-1877 |
| | § | |
| KENNETH LEE WASHINGTON, | § | |
| | § | |
| Defendant-Movant. | § | |

## OPINION AND ORDER

## ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced federal habeas corpus proceeding is Movant Kenneth Lee Washington's ("Washington's") § 2255 Motion to Vacate, Set Aside or Correct Sentence (instrument #556 in CR-H-10-302-08); the United States of America's motion to dismiss (#574 in CR-H-10-302-08 and #1 in Civ. H-13-1877); and United States Magistrate Judge Frances Stacy's Memorandum and Recommendation (#578 in CR-H-10-302-08) that the Court grant the Government's motion and deny Washington's motion. No objections were filed by Washington to the Memorandum and Recommendation.

## Standard of Review

Where no party objects to the Magistrate Judge's Memorandum and recommendation, the Court is not required to perform a *de novo* review of the Magistrate Judge's determination, but need only review it to decide whether it is clearly erroneous or contrary to law. *Gomez v. United States*, 2014 WL 2114043, at *3 (W.D. Tex. May

20, 2014), *citing United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Once a defendant has been convicted and has exhausted or waived his right to appeal, a Court may presume that he "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). There are four grounds on which a defendant may move to vacate, set aside, or correct his sentence under § 2255: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court lacked jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.3d 338, 232 (5th Cir. 1991)(citations omitted).

The Court has carefully reviewed the briefs, the Magistrate Judge's Memorandum and Recommendation, and the applicable law and finds the Memorandum and Recommendation is not erroneous in its factual findings nor contrary to law. Accordingly, the Court hereby

ADOPTS the Magistrate Judge's Memorandum and Recommendation as its own and

ORDERS that the Movant's § 2255 motion is DENIED, and the Government's motion to dismiss is GRANTED with prejudice.

Finally, under 28 U.S.C. § 2255(c)(1)(B), "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." *See also* Federal Rule of Appellate procedure 22(b)(1)("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.").

Furthermore, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), *citing*

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where the district court denies a § 2255 motion on the merits, to warrant an certificate of appealability a Movant must be able to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Henry v. Cockrell*, 327 F.23 429, 431 (5th Cir. 2003).  A district court may deny a certificate of appealability *sua sponte.  Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008), *citing Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court finds that Movant has failed to make such a showing here and thus

ORDERS that a certificate of appealability is DENIED.

A final judgment will issue by separate order.

**SIGNED** at Houston, Texas, this  28th  day of  October , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE